IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> A/W Kenneth Sharp, Classification ) <br> McKensey, Lt. R. Sowell, Unit Manager ) <br> Clarence Rogers, D.H.O. A. Brown, ) <br> D.H.O. S. Patterson, Lt. K. Gregg, Unit ) <br> Manager McCullough, Priscilla D. ) <br> Muldrow, Unit Counsel Foster, Unit ) <br> Counsel McCall, Willie M. Godfrey, and ) <br> Classification Department, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 5:17-cv-01011-JMC <br><br> **ORDER** |

This matter is before the court for review of Magistrate Judge Kaymani D. West's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 3, 2018 (ECF No. 108). The Report addresses Plaintiff Corey Jawan Robinson's ("Plaintiff") Complaint (ECF No. 1) brought pursuant to 42 U.S.C. § 1983 and recommends that the court grant Defendants A/W Kenneth Sharp, Classification McKensey, Lt. R. Sowell, Unit Manager Clarence Rogers, D.H.O. A. Brown, D.H.O. S. Patterson, Lt. K. Gregg, Unit Manager McCullough, Priscilla D. Muldrow, Unit Counsel Foster, Unit Counsel McCall, Willie M. Godfrey, and Classification Department's (collectively "Defendants") Motion To Dismiss Or In The Alternative Motion For Summary Judgment (ECF No. 83). (ECF No. 108 at 2.) For the reasons stated herein, the court **ACCEPTS** the Report and **GRANTS** Defendants' Motion.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*Id.* at 1-6.) As brief background, Plaintiff, proceeding pro se and in forma pauperis, filed his Complaint on March 18, 2018. (ECF No. 1.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendants committed Eighth and Fourteenth Amendment violations, gross negligence, and attempted murder. (ECF No. 1 at 8-9.) On July 27, 2017, the Magistrate Judge filed a Report ("First Report") recommending dismissal without prejudice of all Plaintiff's claims[1] except his Eighth Amendment failure-to-protect and state-law gross negligence claims. (ECF No. 27 at 9.) The court accepted the Magistrate Judge's First Report on February 7, 2018. (ECF No. 87.) Prior to the court's acceptance of the Magistrate Judge's First Report, on February 2, 2018, Defendants filed a Motion to Dismiss Or In The Alternative Motion For Summary Judgment. (ECF No. 83.) On February 7, 2018, the Magistrate Judge issued a *Roseboro*[2] Order advising Plaintiff of the dismissal and summary judgment procedures, his right to respond, and the possible consequences if he failed to adequately respond. (ECF No. 85.) On February 14, 2018, Plaintiff submitted his Response (ECF No. 98) to Defendants' Motion. On July 3, 2018, the Magistrate Judge issued a second Report ("Second Report"), recommending the court grant Defendants' Motion. (ECF No. 108 at 2). On July 13, 2018, Plaintiff filed Objections To Report And Recommendation. (ECF No. 110.)

## II. STANDARD OF REVIEW

---

[1] The claims the Magistrate Judge recommended dismissing included Fourteenth Amendment retaliation, disciplinary action due process, and job loss claims, attempted murder, and claims against the classification department.

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that "the [pro se] plaintiff be advised of his right to file counter-affidavits or other responsive material").

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

## III. DISCUSSION

Plaintiff does not specifically object to the findings in the Second Report. Instead, Plaintiff's Objection restates his original claims. (*Compare* ECF No. 1, *with* ECF No. 110.) Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, since no specific objections were filed, by either party, and the court finds no clear error on the face of the record, the court adopts the Report herein. *See Diamond*, 416 F.3d at 316; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 108) and **GRANTS** Defendants' Motion To Dismiss Or In The Alternative Motion For Summary Judgment (ECF No. 83).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 28, 2018
Columbia, South Carolina